IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## CHARLES D. BURTON v. STATE OF TENNESSEE

**Criminal Court for Davidson County**
**No. 97-C-1572**

---

**No. M1999-01400-CCA-R3-PC**

---

**ORDER**

The petitioner, Charles D. Burton, appeals the order of the Davidson County Criminal Court denying his petition for post conviction relief. In March of 1998, the petitioner pled guilty to two (2) counts of kidnapping and one (1) count of aggravated assault and was sentenced as a Career Offender to consecutive terms of five (5) years for each count. Subsequently, the petitioner filed the present petition for post-conviction relief, alleging, *inter alia*, that trial counsel was ineffective for failing to inform him that his sentences would run consecutively and for failing to explain to him the difference between concurrent and consecutive sentences. After an evidentiary hearing, the trial court denied the petition. After a thorough review of the record before this Court, we affirm the trial court's judgment pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.

The petitioner contends that trial counsel was ineffective in that counsel failed to inform him that his sentences would be served consecutively for an effective sentence of fifteen (15) years. He further asserts that trial counsel failed to explain to him the difference between concurrent sentences and consecutive sentences. In this regard, the petitioner testified at the post-conviction hearing, "I've learned of the term concurrent versus consecutive, which the terms [sic] concurrent was never brought up in the 11 months that we spoke or that I talked to [counsel], because I would definitely have asked for a sentence to run concurrent rather than consecutive."

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to demonstrate that (1) his attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996). In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. Under Hill, a petitioner is required to show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

The trial court determined that the petitioner had not carried his burden of proof to establish that trial counsel was ineffective under the standards of Baxter and Strickland. We agree. Clearly, the evidence in the record does not indicate that "but for" counsel's alleged failure to inform the

petitioner regarding the meaning of concurrent sentences, the petitioner would not have pled guilty and would have insisted on going to trial. Even assuming that the petitioner was unaware of the distinction between concurrent versus consecutive sentencing at the time of his plea, the petitioner's own testimony at the post-conviction hearing merely establishes that had he known the difference, he "would definitely have asked for" a shorter sentence. However, there is no showing in the record that the state would have agreed to a shorter sentence upon the petitioner's guilty plea. Indeed, trial counsel testified at the post-conviction hearing that the state's plea offer rested upon the petitioner serving a fifteen (15) year sentence.[1] Moreover, the transcript of the guilty plea hearing demonstrates that the petitioner fully understood that he would be receiving an effective sentence of fifteen (15) years for his convictions.

The petitioner has not established that, but for counsel's alleged deficient performance, he would not have pled guilty and would have insisted on going to trial. Thus, the record supports the trial court's determination that the petitioner has not shown by clear and convincing evidence that he received ineffective assistance of counsel. Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Tennessee Court of Criminal Appeals. Costs of the appeal will be paid by the State of Tennessee as it appears that the petitioner is indigent.

_____
JERRY L. SMITH, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE

_____
ROBERT W. WEDEMEYER, JUDGE

---

[1] The petitioner was originally charged with seven (7) felonies and one (1) misdemeanor. The agreement required the petitioner to plead guilty to three (3) felonies at a higher sentencing range than that for which he qualified. Although he was originally charged with two (2) counts of aggravated kidnapping, as part of the plea agreement, the petitioner was allowed to plead to two (2) counts of the lesser offense of kidnapping.